Frederick Backer, J.
This is a proceeding pursuant to article 78 of the CPLR to annul the determination of the respondent, the Commissioner of Licenses of the City of New York, which suspended the operation of a branch office of petitioner at the New Weston Hotel in the City and County of New York. The petitioner originally obtained its license to engage in the resale of theatre tickets at said branch office on January 1, 1955 and said license has been renewed annually since that date.
On or about May 26, 1964, respondent directed petitioner to appear and answer to a charge that it had violated section 168 of the General Business Law in that petitioner was doing business on its premises not used exclusively for the resale of theatre tickets and that petitioner violated the law in having its employee, in attendance at the licensed premises, also employed in selling cigars and other items in the adjoining cigar stand.
As a result of said hearing, respondent notified petitioner on June 19, 1964 directing it thereby to operate its branch office so that the person in attendance should have no connection with the adjoining cigar stand and further advised that failure to comply would result in a suspension or revocation of petitioner’s license. Thereafter, on or about November 23,1964, respondent again summoned petitioner to answer to the same charges as afore-mentioned.
Petitioner, in order to eliminate any doubt as to the exclusive use of its licensed premises for the sale of theatre tickets, caused substantial alterations of the premises to be made, at considerable expense, so as to completely separate the space for the sale of theatre tickets from the remainder of the premises.
On December 28, 1964, another hearing was held, at which petitioner submitted photographs and testimony as to the alteration. Nevertheless, respondent found against petitioner, simply because the same person was selling theatre tickets as well as cigars, although from different and separated space. Petitioner requested a hearing, which was denied by the respondent. This proceeding was thereafter commenced by petitioner.
Respondent relies upon section 168 of the General Business Law, which provides: “No -license or certificate shall be issued for any office or branch office, bureau, agency or sub-agency unless such * * * shall be a suitable place for the conduct of said business and shall meet with the approval of such commissioner.” It further provides that “ Such office or branch office, bureau, agency or sub-agency shall be used exclusively for *234 the sale of tickets and for no other purpose.” It is respondent’s position that under this statute the resale of tickets must be limited and made by one so exclusively engaged and that, where the same employee of petitioner sells cigars in addition to reselling theatre tickets, the statute is thereby violated.
Upon a review of the record below, it is this court’s ultimate conclusion that the interpretation and construction of section 168 of the General Business Law as made by respondent is untenable. Petitioner was issued its license for this branch office in January of 1955, over 11 years ago. In issuing this license for this extended period of years, manifestly the respondent Commissioner determined the question of “ suitability” in 1955 and through the ensuing years until 1964, when it changed its view. The record indicates that no change has intervened through the years except the physical change made by petitioner to clearly separate the portion of the premises devoted exclusively to the resale of theatre tickets from the other portion of the premises devoted to the sale of cigars and other incidental products. The branch office of petitioner has continuously been operated by the same person who always, in addition to sellingtheatre tickets, sold cigars. Respondent’s position that the resale of tickets should be limited to a person so exclusively engaged is without merit and finds no support therefor in the statute. To the contrary, we find in the opinions of two Attorney-Generals (Attorney-General Ottinger in 1928 and Attorney-General Bennett in 1937) that the statute does not prevent the sale of other products in an area where theatre tickets are resold so long as that part where the theatre tickets are resold is definitely set apart for that purpose. Moreover, the statute fails to place any limitation on any person so that the same person may sell cigars as well as resell theatre tickets.
In the opinion of Attorney-General Ottinger (1928 Atty. Gen. 129-130), it is stated: “ In my opinion, the provisions of section 168 ‘ iSuch office or branch office, bureau, agency or sub-agency, shall be used exclusively for the sale of theatre tickets and for no other purpose ’ would not prevent a ticket agency from selling tickets at a counter in a drug store or cigar store or haberdasher store, or at a counter in the lobby of a building where there were other counters and stores at which other goods were sold, if the counter where the tickets were sold was used for no other purpose. The words ‘ bureau, agency, or sub-agency ’, as well as the words ‘ office or branch office ’ clearly refer to the places where tickets are sold, rather than the persons who sell the tickets. There is accordingly no restriction tohich prevents the person in charge of the bureau or agency from engaging in *235 the sale of other commodities. While the word ‘ office ’ usually denotes a separate room, no such meaning ordinarily attaches to the words 1 bureau, ’ 1 agency, ’ or ‘ sub-agency. ’ I think that the proper construction of the act is that tickets may be sold only in a separate room or in a part of a room definitely set apart for that purpose ” (emphasis supplied). ('See, also, opinion by Attorney-General Bennett, 1937 Atty. Gen. 215.)
Accordingly, the determination of the respondent herein must be held as arbitrary and capricious. The determination is annulled and the application herein is granted.